IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-111-3H
No. 5:18-CV-551-H

BOBBY HAYES,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255, [DE #179]. The government filed a motion to dismiss, [DE #187], to which petitioner responded, [DE #192, #194]. Petitioner wrote two letters requesting the appointment of counsel, [DE #196 and #197].[1] This matter is ripe for adjudication.

### BACKGROUND

On September 10, 2013, petitioner pled guilty pursuant to a written memorandum of plea agreement, to conspiracy to distribute and possess with the intent to distribute two hundred eighty (280) grams or more of cocaine base (crack), five (5) kilograms or more of cocaine, and a quantity of heroin, in violation of 21 U.S.C.

---

[1] Also pending before the court is petitioner's motion for compassionate release pursuant to the First Step Act, [DE #199]. The court shall address it separately in due course.

§§ 846 and 841(b)(1)(A) (Count One); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five). On March 12, 2014, the court sentenced petitioner to a total term of imprisonment of 180 months.[2] Judgment was entered on March 19, 2014. Petitioner did not appeal. [DE #178 and DE #179 at 2].

On November 21, 2014, petitioner, proceeding pro se, filed a motion to reduce sentence regarding the Drug Quantity Table amendment. [DE #143]. Counsel filed a Notice of Appearance, [DE #155], pursuant to Standing Order 14-SO-01, and a subsequent motion to withdraw, [DE #156]. This court granted the motion to withdraw, [DE #157]. On February 17, 2016, this court denied petitioner's motion to reduce sentence, [DE #159].

On November 7, 2018, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #179], arguing (1) that his counsel rendered ineffective assistance by failing to file an appeal as requested; (2) that he is actually innocent of the conspiracy charge [Count One] as the only participants of the conspiracy were government agents, [DE #179 at 4, 5, 10-11]; (3) that the government committed prosecutorial misconduct by using statements given by petitioner while in custody and without counsel

---

[2] The court granted defendant's objection to the use of his statements made while in custody, and his total offense level was reduced by two levels, thereby reducing the guideline range on count one to the statutory minimum of 120 months.

present, [DE #194 at 3-5; 7-9]; (4) that his counsel rendered ineffective assistance by failing to move to suppress statements of petitioner given during a custodial interrogation without counsel present, [DE #194 at 6]; and, (5) that his § 924(c) conviction was supported by insufficient evidence, [DE #194 at 6-7].

Petitioner requests an evidentiary hearing, the appointment of counsel, and that the court vacate the conviction of conspiracy. [DE #179 at 12; DE #192 at 1, 4; DE #194 at 10]. Petitioner additionally requests immediate release and "suppression of statements made by [petitioner during] the 'custodial interrogation' in this matter." [DE #194 at 10].

## **COURT'S DISCUSSION**

The timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f). The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if

3

> that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's judgment was entered on March 19, 2014. [DE #115]. Petitioner did not file an appeal, and therefore his judgment became final when the 14-day appeal period expired following entry of judgment. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011) (unpublished) (finding petitioner had one year from the date his judgment became final, that is, "fourteen days from the date when judgment was 'entered on the criminal docket' in which to appeal the judgment") (citing 28 U.S.C. § 2255(f)(1); Clay, 537 U.S. at 532; Fed. R. App. P. 4(b)(1),(6)); but cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding judgment became final on the date judgment was entered, that is "the date upon which he declined to pursue further appellate review."). The court notes petitioner's § 2255 motion was not filed until at the earliest, the date of signing, October 30, 2018, more than four years after the judgment became final. Therefore, petitioner's motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

4

I.  Timeliness in Light of Actual Innocence

Petitioner contends that despite being outside the one year statute of limitations, the court may consider his motion to vacate on the merits due to his actual innocence claim. "[A]ctual innocence, [] if proven, serves as a gateway through which a habeas petitioner may pass when [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]'s statute of limitations has expired." Finch v. McKoy, 914 F.3d 292, 294 (4th Cir. 2019) (citing McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)); Schlup v. Delo, 513 U.S. 298, 329 (1995)). "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." Id. ((citing McQuiggin, 569 U.S. at 392) (internal quotation marks omitted)).

To determine whether his actual innocence claim will lift the procedural bar of the expired statute of limitations, the court considers the merits of the actual innocence claim. See Finch, 914 F.3d at 294-95. "A valid actual innocence claim 'requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Id. at 298 (quoting Schlup, 513 U.S. at 324).

5

> A petitioner must also 'demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his incarceration is a miscarriage of justice. If a petitioner passes through the Schlup gateway by satisfying this standard, the district court then considers and reaches the merits of all of the petitioner's procedurally defaulted claims.'

Id. (quoting Teleguz v. Pearson, 689 F.3d 322, 329 (4th Cir. 2012) (internal citations omitted)). "'[A]ctual innocence' means factual innocence, not mere legal sufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

Petitioner contends he is actually innocent of the conspiracy conviction, Count One, because he only conspired with government agents. Petitioner contends "[i]t is clear from the case file and PSR that all alleged co-conspirators are government agents by being informants." [DE #192 at 3]. See United States v. Edmonds, 679 F.3d 169, 175 (4th Cir. 2012), judgment vacated on other grounds, Edmonds v. United States, 133 S. Ct. 376 (2012) ("The crime of conspiracy… requires a genuine agreement between two or more persons to commit a crime, and an agreement between a defendant and a government agent, who does not agree to commit another crime but is engaging the defendant only to establish evidence of a

6

crime, does not provide evidence of a genuine agreement."). Even assuming defendant could show the confidential informants in this matter would be deemed "government agents," defendant was not convicted of conspiring with only confidential informants, as each of the co-defendants in petitioner's PSR were charged with and pled to conspiracy. While petitioner correctly notes a defendant cannot be convicted of conspiring only with government agents, United States v. Lewis, 53 F.3d 29, 33 (4th Cir. 1995), he has not supported his allegation with any evidence that his named co-defendants in the conspiracy were government agents. Therefore, he cannot overcome the procedural bar of the statute of limitations based on actual innocence.[3]

II. Equitable Tolling

The statute of limitations period for § 2255 motions is also subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (quoting Harris, 209 F.3d at 330). However, in order for equitable tolling to apply,

---

[3] While petitioner alleges prosecutorial misconduct as bases for vacating both his conspiracy conviction and his 924(c) conviction, these are not claims of actual innocence as required to overcome the procedural bar of the statute of limitations.

7

petitioner must demonstrate (1) "'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner has not demonstrated that he has been pursuing his rights diligently. While he argues that he first discovered his appeal had not been filed when the court responded by letter dated September 20, 2018 to an inquiry from petitioner, [DE #179 at 10, 13], this was not his first filing post-judgment. Petitioner filed a motion to reduce sentence in November 2014, showing that petitioner had the awareness and capability to file documents with the court. Although petitioner contends counsel filed the motion to reduce, a review of the docket reveals petitioner did file the motion to reduce pro se. While counsel was subsequently appointed pursuant to the Standing Order 14-SO-01, counsel did not file anything on behalf of petitioner, but rather withdrew from the case on the basis that counsel "does not intend to present any motions before the court." [DE #156 at 1].

Petitioner contends his filing of his own motion does not relieve counsel of his constitutional duty to his client. [DE #192 at 3]. However, even considering that argument, more than four years passed after his judgment became final and two years

8

passed after the court ruled on petitioner's motion to reduce sentence before petitioner even wrote a letter to the court inquiring about his appeal. [DE #176 and DE #177]. The court finds, considering the totality of the circumstances, that petitioner has not met the heavy burden required to justify equitable tolling.

Therefore, this matter is untimely and must be dismissed.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #187], is GRANTED. Petitioner's motion to vacate, [DE #179], is DISMISSED. Petitioner's requests for an evidentiary hearing and appointment of counsel are DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 29th day of July 2020.

                                               Malcolm J. Howard
                                               Senior United States District Judge

At Greenville, NC
#35